UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEYKIA MOBLEY                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 1:22cv172 TBM-RHWR

TWELVE D. ENTERPRISES, INC. D/B/A
MCDONALDS STORE #12604 and
JOHN DOES 1-5                                                                                 DEFENDANT

## NOTICE OF REMOVAL

TO:   R. Johnathan Franco
      Haug, Farrar, & Franco, PLLC
      2336 Government Street
      Ocean Springs, MS 39564

      Connie Ladner. Clerk
      Harrison County Circuit Court
      VIA MEC

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Twelve D. Enterprises, Inc. ("Defendant") gives Notice of Removal of this civil action from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division.  In support of this removal, Defendant respectfully submits as follows:

1.   The Plaintiff, Neykia Mobley, filed her Complaint on or about July 1, 2022, in the Circuit Court of Harrison County, Mississippi ("the State Court Action"). The Complaint was docketed in that court as *Neykia Mobley v. Twelve D. Enterprises, Inc. d/b/a McDonald's Store 12604*, A2401-2022-208.  *Exhibit A – Complaint*.

2.   Plaintiff alleges she fell at the Defendant's store.

3.   The United States District Court for the Southern District of Mississippi, Southern Division, embraces the county in which the State Court Action is now pending.

1

Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

4. As set forth below, this Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *Removal is Based on Diversity Jurisdiction*

3. Citizenship of the parties is determined as of the time the Complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

4. According to the Complaint, Plaintiff is a resident citizen of the State of Louisiana. *Exhibit A at ¶1*.

5. Defendant Twelve D Enterprises, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every State "by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332 (c)(1); and *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding principal place of business is determined by the nerve center, which is usually the corporate headquarters). Twelve D has its principal place of business and is incorporated in the State of Mississippi. As such, Twelve D is a resident citizen of Mississippi for the purposes of diversity.

6. Because Plaintiff, and the properly joined Defendant are citizens of different States, in accordance with 28 U.S.C. §1332, complete diversity is satisfied.

*Amount in Controversy*

7. The amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Plaintiff does not specify an amount of damages in the Complaint. However, it is facially apparent that the amount in controversy exceeds $75,000.00. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326 (5th Cir. 1996).

8. Plaintiff contends she suffered past, present, and future pain and suffering, medical expenses, mental anguish, lost wages, loss of wage-earning capacity, loss of enjoyment of life and other expenses. *Exhibit A* at *¶18.*

9. Plaintiff submitted a settlement demand in the amount of $170,000 based on claimed medical expenses of $26,339.44. *Exhibit B – Settlement Demand.* Plaintiff contends she suffered a torn meniscus. *Id.*

10. As it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, this requirement for diversity jurisdiction is met. *See* 28 U.S.C. §1332.

*Timeliness of Removal and Other Procedural Requirements*

11. The Complaint was filed on July 1, 2022, and Defendant has not been properly served with process. Plaintiff attempted service on July 5, 2022, on the officer manager for the Defendant.

12. This Notice of Removal, therefore, is timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days after the receipt of the initial from which Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. §1446(b).

13. Additionally, the forum defendant is inapplicable to this "snap removal". A forum defendant may remove before it is properly served with process. *See* 28 U.S.C. §1441(b)(2) and *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020). In this case, Plaintiff simply attempted service on the office manager, not the registered agent. *Exhibit C – Return*. This is invalid under Mississippi law. *See, e.g., Nelson v. Baptist Memorial Hospital-North Mississippi, Inc.*, 70 So. 3d 190 (Miss. 2011).

14. In accordance with 28 U.S.C. § 1447(b) and L.U.Civ.R. 5(b), a copy of the State Court Record is attached as *Exhibit D*.

15. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of the same with the Clerk of the Circuit Court of Harrison County, Mississippi, in accordance with 28 U.S.C. § 1446(d). Additionally, written notice of the removal is being given to all parties. *Id.*

WHEREFORE, Defendant Twelve D. Enterprises, Inc. respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein. Defendant also respectfully requests such other relief as this Court deems just.

THIS the 11th day of July, 2022.

Respectfully submitted,

PERRIER & LACOSTE

 ___/s/ Eric R. Price_____
ERIC R. PRICE (MSB #102274)
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Phone: 504-212-8870
Email: eprice@perrierlacoste.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant hereby certify that I have this day filed the above and foregoing Notice of Removal via ECF and upon the filing of same a true and correct copy was served via electronic filing to the following interested parties:

> R. Johnathan Franco
> Haug, Farrar, & Franco, PLLC
> 2336 Government Street
> Ocean Springs, MS 39564

I, the undersigned attorney for Defendant hereby certify that I have this day filed the above and foregoing Notice of Removal via MEC in the State Court action notifying the following:

> Connie Ladner. Clerk
> Harrison County Circuit Court
> VIA MEC

THIS the 11th day of July, 2022.

*s/ Eric R. Price*
**ERIC R. PRICE (MSB # 102274)**
