IN THE CIRCUIT COURT OF HARRISON COUNTY MISSISSIPPI
FIRST JUDICIAL DISTRICT

**NEYKIA MOBLEY**                                                                 **PLAINTIFF**

**VERSUS**                                            CIVIL ACTION NO.: A2401 2022 208

**TWELVE D. ENTERPRISES, INC.**
**D/B/A MCDONALDS STORE #12604**                        **DEFENDANT(S)**
**And JOHN DOES 1-5**

FILED
JUL 01 2022
CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

**COMPLAINT**

(JURY TRIAL DEMANDED)

Plaintiff, NEYKIA MOBLEY, through undersigned counsel, files this Complaint against Defendant(s), TWELVE D. ENTERPRISES, INC. d/b/a MCDONALDS STORE #12604, and JOHN DOES 1-5 (hereinafter referred to collectively as "Defendants") and respectfully shows this Honorable Court as follows:

**PARTIES**

1. Plaintiff, Neykia Mobley (hereinafter referred to as "Plaintiff") is an adult resident citizen domiciled in Livingston Parish, Denham Springs, Louisiana.

2. Defendant, Twelve D. Enterprises, Inc. d/b/a McDonald's Store #12604, (hereinafter referred to as "Defendant") is, upon information and belief and at all times mentioned herein, a company organized and existing under the laws of Mississippi doing business as McDonalds, with a place of business located at 11401 Hwy 49 North, Gulfport, Mississippi 39503 and may be served with process pursuant to the Mississippi Rules of Civil Procedure. Upon information and belief, McDonald's registered agent for service of process is Jeff Descher, located at 6520 Sunplex Drive, Ocean Springs, MS 39564.

**EXHIBIT A**

3. John Does 1-5 are various unidentified individuals and/or entities, presently unknown to the Plaintiff, who may be responsible, in part, for the conduct complained of herein and the resulting injuries to the Plaintiff. Plaintiff is making diligent inquiries to determine the identity and whereabouts of John Does 1-5. Plaintiff will, with leave of Court, replace John Does 1-5 as named Defendants in this action by amendment or supplemental pleadings in accordance with Rules 9, 15, et al, of the Mississippi Rules of Civil Procedure, as soon as practical or identified, with their service relating back to the original date of the filing of this action.

## JURISDICTION AND VENUE

4. This cause of action occurred or accrued in Harrison County, Mississippi and pursuant to the provisions of Miss. Code Ann. §11-11-3, et al, as amended, venue is proper in this Court.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates and re-alleges all previous paragraphs set out herein.

6. On or about May 2, 2021, Plaintiff was a business invitee at Defendant's place of business located at McDonalds 11401 Hwy 49 North, Gulfport, Mississippi 39503 (hereinafter referred to as "McDonalds").

7. On said date Plaintiff walked into the east entrance of said McDonald's to buy some food/drink.

8. Plaintiff took one or two steps into the building and slipped on water/liquid that had collected on the floor immediately to the interior of the east entrance of the restaurant.

9. Plaintiff had no prior knowledge or notice of the dangerous condition as this was the first time she had walked into the store that day.

10. At the time of the fall, there was no wet floor sign within visible range of customers entering the door.

11. At the time of the incident, and unbeknownst to Plaintiff, a mop was beside the east entrance but not within view of patrons entering the store.

12. Defendant had recently mopped and knew there was water/liquid on the floor but had failed to keep the floor dry.

13. At the time of the incident there was a wet floor sign leaned up against the wall to the immediate left of the east entrance/door. The sign was not visible to anyone entering the store. To see the sign, someone entering the store would have to (instead of looking ahead) look down and to their immediate left as they walked into the store.

## COUNT I-PLATINIFF'S CLAIMS FOR NEGLIGENCE AGAINST TWELVE D. ENTERPRISES, INC.

14. Plaintiff incorporates and re-alleges all previous paragraphs set out herein.

15. At all times relevant to this Complaint, Defendant owned, operated, maintained, managed, and/or controlled the McDonalds located at 11401 Hwy 49 North, Gulfport, Mississippi 39503.

16. Defendant was negligent and breached their duty to provide reasonable care to their invitees by their actions and/or omissions (by their owners, employees, servants, managers, or other agents), in that they, among other things:

    a. Failed to place a wet floor sign in plain view for patrons entering the store.

    b. Failed to warn of a hidden danger or peril that was not in plain and open view.

    c. Failed to warn of the dangerous condition (liquid/water when patrons first walked in the door) that Defendant knew or should have known about.

    d. Failed to keep the floor dry and safe for traversing.

    e. Failed to provide a safe place for invitees on the premises.

    f. Defendant created a dangerous condition that they knew or should have known about.

    g. Defendant should have known of the existence of the dangerous and hazardous condition on the premises and/or the condition existed for such a length of time that the Defendant should have corrected the dangerous condition prior to Plaintiff entering the restaurant.

    h. Carelessly and negligently permitted and allowed an unsafe condition to develop and/or remain in the area of the business where invitees, including Plaintiff, travelled.

    i. Failed to adequately and properly inspect, discover, and correct the dangerous hazardous conditions.

    j. Failed to take reasonable precautions to guard against or to protect Plaintiff against said dangerous or hazardous conditions.

    k. Failed to properly train, hire and/or supervise employees and/or to implement proper procedures to insure the premises was a safe place for invitees.

    l. All other acts of negligence and/or gross negligence which caused the accident sued upon herein and will be shown at the trial of this civil action.

## DAMAGES

17. Plaintiff incorporates and re-alleges all previous paragraphs set out herein.

18. Plaintiff herein would make claims for all damages available under Mississippi Law, jointly or alternatively, including but not limited to:

a. Past, present, and future medical expenses related and due to the subject incident

b. Past, present, and future mental and physical pain and suffering

c. Past, present, and future loss of wage-earning capacity

d. Past, present, and future lost wages

e. Physical disability and impairment

f. Past, present, and future loss of enjoyment of life

g. Past, present, and future mental anguish and emotional distress

h. And all other damages as may be awarded following a trial of this matter

**WHEREFORE,** Plaintiff, NEYKIA MOBLEY, prays that Defendant be lawfully served with a copy of this Complaint and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, respectfully demands judgment against TWELVE D. ENTERPRISES, INC. d/b/a MCDONALDS STORE #12604 and JOHN DOES 1-5, as alleged, together with the damages outlined above, pre and post judgment interest , attorney's fees and for all costs of these proceedings, including expert witness fees, to be assessed as costs of court, and for all legal and equitable relief this Honorable Court shall find just and appropriate.

Plaintiff respectfully requests a **TRIAL BY JURY** on all issues raised herein.

RESPECTFULLY SUBMITTED, this the ___28___ day of ___Jun___, 2022.

NEYKIA MOBLEY, Plaintiff

BY: _____
R. Jonathan Franco, Esq., MS Bar No. 104562
Haug, Farrar & Franco, PLLC
2336 Government Street
Ocean Springs, MS 39564
(228) 872-8752 Telephone
(877) 325-2747 Facsimile